IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHARLES HUNTINGTON GALLINA
and MARY GALLINA,

 Plaintiffs,

v.                No. 10-1178

STANTON, TENNESSEE, et al.,

 Defendants.
_____

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE
_____

  The complaint in this matter was filed on July 14, 2010 on behalf of the Plaintiffs, Charles Huntington Gallina and Mary Gallina, against the Defendants, Stanton, Tennessee; Allan Sterbinsky, individually and as mayor of Stanton, Tennessee; Gerald Woods and Jimmy Baird d/b/a Ag-Bro Crop Services. On August 23, 2010, the Court granted the motion of Andrew B. Sanders, Mary L. Wolff and Wolff Ardis, P.C. to withdraw as counsel for the Plaintiffs. (D.E. 15.) The Court also directed the Plaintiffs therein to advise the Court within thirty days of the entry of the order whether they would be proceeding with new counsel or representing themselves. The directive stated that "[f]ailure to abide by this Order may result in sanctions being placed upon the Plaintiffs, including an order of dismissal for failure to prosecute." (Order Granting Pls.' Counsel Mot. & Mem. in Supp. of Mot. to Withdraw as Counsel at 1-2.) The thirty-day period passed without response from the Gallinas. On September 28, 2010, the Court entered an order directing Plaintiffs to show cause why their case should not be dismissed for failure to prosecute. They were again warned that "[f]ailure to file a timely and sufficient response will result in dismissal of this action without further notice." (Order to Show Cause Why Case Should Not Be Dismissed at .1) According to the docket, no

response has been filed to the show cause order.

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of actions "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . ." Fed. R. Civ. P. 41(b). "Although couched in terms of an order upon a defendant's motion, it has long been recognized that this rule authorizes a district court's sua sponte dismissal of an action." Schenkenfelder v. Blitz, U.S.A., Inc., No. 3:06-cv-452, 2009 WL 2496460, at *1 (E.D. Tenn. Aug. 12, 2009) (citation omitted). The rule recognizes a court's inherent authority to manage its docket and avoid unnecessary burdens on the tax-supported courts and opposing parties. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (citing Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)); Mitan v. Davis, No. 3:08CV-117-S, 2010 WL 3620206, at *3 (W.D. Ky. Aug. 2, 2010), *report & recommendation adopted by* 2010 WL 3620194 (W.D. Ky. Sept. 13, 2010). The Supreme Court has observed that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Schafer, 529 F.3d at 736 (citation omitted).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the

party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his or her failure to cooperate may result in dismissal is important to support the sanction. Schafer, 529 F.3d at 737-38 (citations omitted).

     In this case, the Plaintiffs have been specifically instructed to provide information to the Court concerning their representation. Absent resolution of this issue, this matter cannot move forward. As the required prior notice of the ramifications of a failure to timely respond to the orders of this Court has been given, and based on the Court's finding that no sanction short of dismissal will cure the Plaintiffs' failure to prosecute this action, it is hereby DISMISSED.

     IT IS SO ORDERED this 14th day of October 2010.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE